IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FAYETTEVILLE ARKANSAS**
**HOSPITAL COMPANY, LLC, et al.**                                            **PLAINTIFFS**

**V.**                            **CASE NO. 5:20-CV-5036**

**AMNEAL PHARMACEUTICALS,**
**LLC, et al.**                                                              **DEFENDANTS**

## OPINION AND ORDER

Before the Court are two ripe motions: Plaintiffs have filed a motion seeking remand of this action to state court (Doc. 17), and separate Defendants Cardinal Health, Walgreens Boots Alliance, Inc., Walgreen Co., Walgreen Eastern Co., Inc., and CVS Pharmacy, Inc. (collectively, "moving Defendants") request that the Court stay its proceedings pending a final decision by the Judicial Panel on Multidistrict Litigation ("JPML") whether to transfer the action to multidistrict litigation ("MDL"). (Doc. 36). Having considered all relevant materials,[1] the Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 17) and **DENIES** moving Defendants' Motion to Stay (Doc. 36) for the reasons discussed below.

### I. BACKGROUND

Plaintiffs originally filed their complaint in the Circuit Court of Washington County, Arkansas. The amended complaint makes six claims for relief: 1) Violations of the Arkansas Deceptive Trade Practices Act; 2) Negligence; 3) Nuisance; 4) Unjust

---

[1] Plaintiffs filed a Memorandum Brief in Support of their Motion to Remand (Doc. 18). Cardinal Health filed a Response in Opposition (Doc. 35), and Plaintiffs filed a Reply (Doc. 42). Plaintiffs also filed a Response in Opposition to moving Defendants' Motion to Stay (Doc. 43).

1

Enrichment; 5) Fraud and Deceit; and 6) Civil Conspiracy. These claims arise out of Defendants' alleged involvement in the nationwide opioid crisis, and more specifically Defendants' conduct as it relates to Arkansas. *See* Doc. 3.

Defendant Cardinal Health, Inc. ("Cardinal"), with the consent of the other defendants, removed the action to this Court. In its Notice of Removal (Doc. 1), Cardinal argues that federal jurisdiction is proper pursuant to 28 U.S.C. §§ 1441 and 1331 because Plaintiffs' claims arise under federal law. Specifically, Cardinal argues that Defendants' liability, as alleged by Plaintiffs, arises out of violations of a federal statute, the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and its implementing regulations. After removing the case to federal court, Cardinal also filed a notice with the JPML seeking transfer to MDL No. 2804, *In re National Prescription Opiate Litigation*, in the Northern District of Ohio. The JPML issued a conditional transfer order based on its assessment that this case "involve[s] questions of fact that are common to the actions previously transferred" to the MDL. (Doc. 36-1, Exh. 3).

Plaintiffs then filed an Emergency Motion to Remand, arguing that the federal court lacked subject-matter jurisdiction and seeking to have the case remanded before a final decision by the JPML whether to transfer the matter to the opioid MDL. Moving Defendants, in turn, filed a Motion to Stay, urging this Court to stay its proceedings until the JPML made its final decision regarding transfer, since the case was likely to be transferred, and Plaintiffs' Motion to Remand is best addressed by the MDL.

## II. DISCUSSION

The Court finds it appropriate to take up first Plaintiffs' Motion to Remand. "It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford*

2

*v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citing *Ex Parte McCardle*, 7 Wall. 506, 514 (1868)). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 7 Wall. 506, 514 (1868). "[A] court has a special obligation to consider whether it has subject matter jurisdiction in every case [including] the concomitant responsibility to consider sua sponte the court's subject matter jurisdiction where the court believes that jurisdiction may be lacking." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)) (internal quotations and citations omitted, and modifications adopted). Because of the singular importance of acting only within the scope of its subject-matter jurisdiction, the Court finds it appropriate to consider the merits of the Motion to Remand before turning to Defendants' Motion to Stay.

This is similar to the reasoning of the district court in *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048–49 (E.D. Wisc. 2001), which this Court finds persuasive. The court in *Meyers* recognized that the court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). *See also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Nevertheless, based on its understanding of the primacy of subject-matter jurisdiction, the *Meyers* court concluded that "a court's first step should be to make a preliminary assessment of the jurisdictional issue." *Id.* at 1048. "If this preliminary assessment suggests that removal was improper, the court should promptly

complete its consideration and remand the case to state court." *Id.* at 1049. But if the issue of the court's subject-matter jurisdiction "appears factually or legally difficult, the court's second step should be to determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding" such that allowing the MDL to decide the jurisdictional issue would "further judicial economy and consistency." *Id.* "Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to the third step and consider the motion to stay." *Id.* In deciding whether to stay proceedings pending a potential transfer to an MDL in such a context, the Court should consider (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party; and (3) the interests of judicial economy and efficiency. *See id.*; *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *Adams v. Tyson Foods, Inc.*, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007).

### A. Motion to Remand

An action may be removed from state to federal court if it is one in which district courts would have original jurisdiction. 28 U.S.C. § 1441(a). This includes actions in which the claim arises under the Constitution, laws, or treaties of the United States, known as federal question jurisdiction. *See* 28 U.S.C. §§ 1441(c)(1)(A) & 1331. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A conditional transfer order from the JPML does not affect the jurisdiction of the transferor court or its ability to rule on pending motions. JPML Rule 2.1(d).

"[W]here a claim finds its origins in state rather than federal law [there is] a special and small category of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (internal quotation marks omitted). In this "slim category" of cases, federal question jurisdiction exists only when a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Whether removal jurisdiction is proper "must be determined by reference to the well-pleaded complaint." *Id.* at 808 (internal quotation marks omitted).

Applying this framework to the amended complaint, the Court concludes that the claims do not "arise under" federal law, and federal subject-matter jurisdiction is lacking. Moving Defendants assert that the amended complaint necessarily raises substantial federal issues because Plaintiffs rely on duties arising out of the federal Controlled Substances Act ("CSA") as the basis for at least some of their state-law claims. Specifically, moving Defendants point to Plaintiffs' allegations that Defendants failed to report and halt suspicious orders as relying on duties that only arise out of the CSA and related federal regulations and agency guidance. Looking at the complaint as pleaded, however, the Court cannot conclude that the CSA is necessarily raised nor substantially implicated by the pleadings. Plaintiffs have relied on state statutory and common law theories for each of their claims. Ultimately, a court may conclude that Plaintiffs have not pled an adequate basis for the duties they ascribe to Defendants, but that will be a matter

of state law and will not require any interpretation or application of the CSA. Therefore, there is no federal question jurisdiction.

The conclusion that there is no federal subject-matter jurisdiction is further strengthened by the fact that the CSA itself does not provide a private right of action. *See Zink v. Lombardi*, 783 F.3d 1089, 1113 (8th Cir. 2015) (noting that there is no private right of action under federal law to enforce violations of the Controlled Substances Act). "Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986). In other words, federal courts cannot permit parties to create federal question jurisdiction by implicating a federal statute in a state-law tort claim and thereby circumvent Congress's decision *not* to create a federal right of action.

In sum, the Court finds that, to the extent the amended complaint can be considered to implicate the CSA, the federal question is not substantial, and its resolution is not necessary for Plaintiffs to succeed on their claims. Furthermore, the fact that the CSA does not provide for a private right of action indicates that Congress did not intend that federal courts would exercise federal question jurisdiction to provide remedies under the statute.

### B. Motion to Stay

Having concluded that removal was improper, the Court need not reach and weigh the factors relevant to whether to a stay is appropriate. However, the Court will address Defendants' assertion that since similar jurisdictional issues are raised in cases currently

pending before the MDL and the JPML has entered a conditional transfer order, this Court should stay its proceedings in favor of allowing the MDL to resolve the matter of federal question jurisdiction uniformly. Having concluded that there is no basis for federal subject-matter jurisdiction in this case, the Court cannot find that the moving Defendants' wish to bring the question of jurisdiction to the MDL outweighs the Plaintiffs' interest in prompt resolution of their claims and the interests of judicial economy.

The Court finds that the interests of judicial economy and efficiency weigh against a stay in this case. The Court is mindful of the district court's observation in *Rivers v. Walt Disney Co.* that by proceeding when a matter might be transferred to an MDL, a court risks having "needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge" and exerting effort that "will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." 980 F. Supp. 1358, 1360–61 (C.D. Cal. 1997). In this particular situation, however, the Court agrees with the district court in *Dunaway v. Purdue Pharma, L.P.*, that resolving the jurisdictional question "will not require this court to immerse itself in the intricacies of the case in full." 391 F. Supp. 3d 802, 809 (M.D. Tenn. 2019). More importantly, the Court agrees that the interests of judicial economy lie in "putting a case, as expeditiously as possible, in a court that has the jurisdiction to resolve it," and it cannot be efficient "for the JPML to devote its time and attention to a transfer from one federal court to another, if the ultimate legal reality is that neither court has or can have jurisdiction." *Id.* For these reasons, the Court concludes it is more efficient to remand the case than to stay it pending a decision by the JPML.

In weighing the relative harms to the parties, the Court finds that the harm to Plaintiffs of a stay, which would delay the resolution of their jurisdictional challenge for an unknown period of time, is significant. As the *Dunaway* court observed, "If transferred, this case will join a veritable sea of others in the MDL court. There is no guarantee of when that heavily burdened court would be able to address the important jurisdictional issues raised here. This court, however, is prepared to address those jurisdictional issues now." *Id.* at 808. In contrast, Defendants argue that they will be harmed by having to defend some cases in the MDL and other cases in state court rather than having them all before the MDL. However, as the district court in *Dunaway* observed, this harm does not result from the denial of a stay but rather from the grant of remand. *Id.* at 809. The Court finds that there is no meaningful harm to Defendants of having this Court decide the jurisdictional issue rather than allowing a lengthy delay until the motion to remand can be taken up by the MDL.

### III. CONCLUSION

For these reasons, Plaintiffs' Motion to Remand (Doc. 17) is **GRANTED** and moving Defendants' Motion to Stay (Doc. 36) is **DENIED**. The case is **REMANDED** to the Circuit Court of Washington County, Arkansas.

**IT IS SO ORDERED** on this 18th day of May, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE